**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CRIMINAL ACTION NO. 14-20-DLB-EBA**

**UNITED STATES OF AMERICA**                                                             **PLAINTIFF**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**JOHN MADDUX, et al.**                                                             **DEFENDANTS**

**IN RE: THIRD-PARTY CLAIMS OF CHRISTINA CARMAN, et al.**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Claimants Christina Carman and Judith Thieben's Objection (Doc. # 724) to the Magistrate Judge's Report and Recommendation ("R&R"), which denied Carman's Motion to Compel and recommended disposition on four other motions, including Claimants' Motions for Summary Judgment. (Doc. # 721). Pursuant to its earlier Order, the Court will adjudicate the Objection to the Magistrate Judge's denial of Carman's Motion to Compel, after which Carman and Thieben will have the opportunity to file renewed motions for summary judgment. *See* (Doc. # 727). The United States having filed a Response (Doc. # 728), the Objection to the Magistrate Judge's Order denying Carman's Motion to Compel is now ripe for the Court's review. For the reasons set forth below, the Objection is **overruled** and Carman's and Thieben's Motions for Summary Judgment are **denied without prejudice**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **The Criminal Case**

Claimant, formerly Defendant, Christina Carman was found guilty of conspiracy to commit mail fraud, wire fraud, and money laundering. (Doc. # 345). On September 6, 2016, Carman filed an appeal of the guilty verdict to the Sixth Circuit Court of Appeals, which remains pending. (Doc. # 543); *see* No. 16-6370 (6th Cir. Sept. 8, 2016). The Indictment alleged that Carman, along with her husband John Maddux and ten other individuals, trafficked large quantities of untaxed cigarettes in violation of the Jenkins Act and Prevent All Cigarette Trafficking ("PACT") Act, 15 U.S.C. §§ 375-378. (Doc. # 1). Specifically, Maddux, Carman, and an unindicted co-conspirator, Glenn Herndon (now deceased), utilized corporations such as Your Kentucky Tobacco Resource, Inc. ("YKTR") and others to purchase untaxed cigarettes from suppliers inside and outside of the United States and resell them—tax free—to customers around the United States via mail and phone orders. *Id.* at 8. Carman was convicted of conspiring to use mail and wire communications to execute the scheme, and of conspiring to launder the proceeds of her crimes. (Doc. # 345). After the jury verdict, this Court reversed Carman's conviction on the money-laundering count. (Doc. # 427).

   B.   **Forfeiture Allegations**

The Indictment also contained forfeiture allegations against five defendants, including Carman and Maddux, pursuant to 18 U.S.C. § 981(a)(1)(C) and § 982(a)(1). (Doc. # 1 at 69-70). The Indictment included a lengthy list of real and personal property subject to forfeiture, including houses, brokerage and bank accounts, vehicles, boats, firearms, jewelry, and sports memorabilia. *Id.* at 70-80. The United States did not attempt

to prove its forfeiture allegations against Carman during the trial, with the exception of two vehicles, which Carman stipulated to. (Docs. # 378-1 at 2 n.5 and 621 at 3, 15-17). After the conclusion of the trial, the United States filed a Motion for Preliminary Judgment of Forfeiture, seeking a money judgment of $34,934,514.12 against Carman for the illegal proceeds attributable to her. (Doc. # 378-8). On January 17, 2017, this Court granted the Government's Motion in part, reducing the money judgment against Carman by half. (Docs. # 659 at 16 and 664 at 1). Carman then appealed the Court's imposition of a money judgment. (Doc. # 668). That appeal remains pending. *See* No. 17-5074 (6th Cir. Jan. 23, 2017).

After Carman's trial, Defendant Maddux pleaded guilty to 29 out of 34 counts in the Indictment. (Doc. # 432). As part of his guilty plea, Maddux agreed to forfeit any interest he had in the property listed in the Indictment. *Id.* Accordingly, on August 30, 2016, the Court entered an Agreed Preliminary Order of Forfeiture, which forfeited Maddux's interest in the property listed in the Indictment. (Doc. # 535). As discussed below, several parties have made ownership claims to property listed in the Agreed Preliminary Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n). However, some of the property listed in the Agreed Preliminary Order of Forfeiture went unclaimed. As a result, the United States filed a Motion for Partial Final Decree and Order of Forfeiture on February 28, 2017, seeking forfeiture of the unclaimed property in the August 30, 2016 Agreed Preliminary Order of Forfeiture. (Doc. # 675). On November 9, 2018, the Court issued a Partial Final Decree and Order of Forfeiture for the property that had not been claimed. (Doc. # 736).

**C.  Ownership Claims to Property Listed in the Agreed Preliminary Order of Forfeiture**

On October 14, 2016, Carman filed a Verified Notice of Claim to twenty items of property listed in the August 30, 2016 Agreed Preliminary Order of Forfeiture, asserting "possessory interests in her own behalf and as a shareholder of ESR II, Inc. and ASR Inc." (Doc. # 580).  Judith Thieben also filed a Verified Notice of Claim with regard to twenty-four items of property listed in the August 30, 2016 Agreed Preliminary Order of Forfeiture.  (Doc. # 570).  Thieben was the longtime partner of Glenn Herndon—now deceased—who was Maddux's father and an alleged unindicted co-conspirator.  (Docs. # 1 at 4, 7 and 613-1 at 2).  Thieben was not charged in this case, and the Government has not brought forfeiture proceedings against her.  (Docs. # 375 at 16 and 724 at 11). She claims a right to the abovementioned property because of "possessory interests in her own behalf, as a shareholder of ASR, Inc., and ESR II, Inc., and as sole beneficiary of the Glenn Herndon Living Trust and the Estate of Glenn Herndon."  (Doc. # 570).

Another Third-Party Claimant, DOT Capital Investment, LLC, submitted a Petition, claiming an ownership interest in the property located at 112 Bellefonte Drive in Ashland, Kentucky because it holds a tax lien on the property.  (Doc. # 676).  Carman filed a Response objecting to DOT Capital's Petition on the ground that its claim is untimely. (Doc. # 678 at 2).  In the alternative, Carman requested additional time to conduct discovery regarding DOT Capital's claim.  *Id.*  The United States filed a Reply to Carman's Response, arguing that DOT Capital's claim was filed within the time permitted by Federal Rule of Criminal Procedure 32.2.  (Doc. # 679).

### D. Thieben's and Carman's Motions for Summary Judgment

Claimants Thieben and Carman each filed a Motion for Summary Judgment on their forfeiture claims on November 20 and 28, 2016, respectively. (Docs. # 613 and 630). The United States filed Responses in Opposition. (Docs. # 637 and 645). Claimants replied. (Docs. # 644 and 649). Both Motions for Summary Judgment were referred to Magistrate Judge Atkins for preparation of an R&R. (Docs. # 432 and 635). On February 3, 2017—after Thieben's and Carman's Motions were fully briefed—Magistrate Judge Atkins issued an Order stating "the Court finds that discovery is desirable to fully develop the factual nature of the claims and defenses in these ancillary proceedings." (Doc. # 670 at 1-2). Accordingly, Magistrate Judge Atkins ordered that the parties conduct discovery until May 5, 2017 and gave the parties until May 26, 2017 to "file a motion for summary judgment or a supplement to an existing motion for summary judgment . . . ." *Id.* at 2. On June 13, 2017, the Magistrate Judge granted Claimants Carman and Thieben's Motion to Extend Discovery (Doc. # 703), resetting the discovery deadline to July 10, 2017 and the dispositive motion deadline to August 7, 2017. (Doc. # 706).

On July 5, 2017, Carman filed a Motion to Compel the United States to produce Thomas Lesnak for deposition. (Doc. # 709). Lesnak is a retired Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), who Carman asserts would provide testimony supporting her forfeiture claims. *Id.* The United States submitted a Response in Opposition to the Motion to Compel (Doc. # 710), to which Carman replied. (Doc. # 713). The United States also filed an unopposed Motion for Extension of Time to file dispositive motions, citing the "pending motion to compel additional discovery." (Doc.

# 712).  Magistrate Judge Atkins granted the Motion for Extension of Time on August 9, 2017, ordering that "[t]he parties shall have 30 days from the date of this Court's Order ending discovery (after adjudication of the pending Motion to Compel (R. 709)) in which to file dispositive motions."  (Doc. # 714).  No further dispositive motions have been filed regarding the contested forfeiture claims.

### E.     The Magistrate Judge's R&R

On January 17, 2018, Magistrate Judge Atkins issued an R&R, in which he considered five motions: Thieben's Motion for Summary Judgment on Forfeiture Claims (Doc. # 613), Carman's Motion for Summary Judgment on Forfeiture Claims (Doc. # 630), The Government's Motion for Partial Final Decree and Order of Forfeiture (Doc. # 675), the Petition by Third Party Claimant DOT Capital Investments, LLC, for Determination of Its Interest in Real Property at: 112 Bellefonte Drive, Ashland, KY (Doc. # 676), and Carman's Motion to Compel (Doc. # 709).

Magistrate Judge Atkins denied Carman's Motion to Compel.  (Doc. # 721).  In addition, the Magistrate Judge recommended denying Carman's and Thieben's Motions for Summary Judgment, granting the Government's Motion for Partial Final Decree and Order of Forfeiture,[1] and granting the Petition by Third-Party Claimant DOT Capital.  *Id.*

### F.     Motion for Extension of Time

On February 12, 2018, Claimants Carman and Thieben filed a joint Objection to the Magistrate Judge's R&R.  (Doc. # 724).  Claimants specifically objected to Magistrate Judge Atkins deciding the Motion for Summary Judgment contemporaneously with the Motion to Compel, which they argued contravened the Magistrate Judge's earlier order

---

[1]    The Court has since issued a Partial Final Decree and Order of Forfeiture in accord with the Magistrate Judge's ruling on this Motion.  *See* (Doc. # 736); *see also* I.B, *supra*.

stating "[t]he parties shall have 30 days from the date of this Court's Order ending discovery (*after adjudication of the pending Motion to Compel* (R. 709)) in which to file dispositive motions." (Doc. # 714) (emphasis added); *see* (Doc. # 724 at 9-10). Shortly after filing their Objection to the Magistrate Judge's R&R, Claimants submitted an Unopposed Motion for Extension of Time, requesting that the Court allow additional time to file renewed or supplemental motions for summary judgment after the Court's ruling on the Objection to the Magistrate Judge's denial of Carman's Motion to Compel. (Doc. # 726). The Court granted the Motion for Extension of Time, stating that "[t]he parties' Motions for Summary Judgment, or supplements thereto, shall be due 30 days from the close of renewed discovery or 30 days from the date of the Court's ruling on Claimants' objections, whichever is later." (Doc. # 727).

## II. ANALYSIS

### A. Standard of Review

A magistrate judge may hear and determine any pretrial, non-dispositive matter. *See* 28 U.S.C. § 636(b)(1)(A). The district judge may reconsider the magistrate judge's decision on a non-dispositive matter where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "Discovery matters are generally non-dispositive and, therefore, the clearly erroneous or contrary to law standard applies." *Jones v. Allen*, No. 2:11-cv-380, 2014 U.S. Dist. LEXIS 40536, at *4 (S.D. Ohio Mar. 25, 2014) (citing *Chesher v. Allen*, 122 F. App'x 184, 186 (6th Cir. 2005)). While the clearly erroneous standard applies to factual findings, the Magistrate Judge's legal conclusions are reviewed to determine if they are contrary to law. *Gandee v. Glaser*, 785 F. Supp.

684, 686 (S.D. Ohio 1992). Thus, the Court is to exercise independent and plenary review of the Magistrate Judge's legal conclusions. *Id.* (quotations and citations omitted). The Court shall overturn any conclusions of law that "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

An objection to a Magistrate Judge's order or R&R must be specific; "vague, general or conclusory objections . . . [are] tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (internal quotation marks omitted). Moreover, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004).

### B. Motion to Compel

Carman objects to Magistrate Judge Atkins's order denying her Motion to Compel the Government to produce retired ATF Special Agent Thomas Lesnak for deposition. (Doc. # 724 at 5). In her Motion to Compel, Carman asserts that Agent Lesnak has information showing that some or all of the assets that the government is attempting to seize were purchased with ATF funds as part of an undercover ATF operation known as "Big South." (Doc. # 709 at 7-8). The operation, which was the topic of two New York Times articles published in February and September of 2017—the latter which Carman has attached as an exhibit to her Objection—allegedly steered ATF funds to legitimate tobacco wholesalers who would become ATF informants. *See* (Doc. # 724-1). Carman also cites to a 2013 Inspector General report which found that the Big South operation

violated internal ATF policies and lacked adequate oversight. *See* (Doc. # 709 at 1). Carman contends that Lesnak played a leading role in the Big South operation, "direct[ing] ATF undercover investigations which paid millions of dollars to purchase cigarettes and tax stamps, and to compensate undercover witnesses and informants." *Id.* Carman argues that evidence that she and Maddux were part of an undercover operation is relevant because "payments [she] received from the Government are presumably legal transactions entitling [her] to ownership of the property purchased with those funds." (Doc. # 713 at 2).

The United States refused to make Agent Lesnak available, arguing that deposing him would be "an attempt at a fishing expedition" and would reveal privileged and confidential information that may damage the agency. (Doc. # 709-3 at 1-2). The Government denies that Maddux, Carman, or any of their companies were involved in any ATF undercover operations. *Id.* at 2. The Government further argues that Agent Lesnak's testimony would be irrelevant and result in a burden on the agency that would outweigh its likely benefit. *Id.* at 1-2.

### 1. *The Magistrate Judge's Order*

Magistrate Judge Atkins agreed with the Government and denied the Motion to Compel for several reasons. First, the Magistrate Judge observed that the only evidence of communications between Carman and the ATF is Carman's own statements in her deposition, which was taken in July 2017. (Doc. # 721 at 8-11). Even considering this evidence, the Magistrate Judge found that "Carman has failed to show that she actually received any payments from the ATF." (Doc. # 721 at 9). Moreover, both ATF Agent Joseph Stansfield in a deposition and ATF Agent Michael Boxler in an affidavit denied

any ATF involvement with Carman and Maddux's trafficking scheme. (Docs. # 710-2 at 229-230 and 710-3). Therefore, the Magistrate Judge concluded that any request for discovery regarding the Big South operation would be speculative and improper.

Second, the Magistrate Judge ruled that Carman's discovery request did not satisfy Federal Rule of Civil Procedure 26(b)(1), which states that discovery must be (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case."[2] The Magistrate Judge noted that Carman had failed to show how the discovery was relevant because she "provide[d] no support for her arguments that property acquired with government funds 'must be returned.'" (Doc. # 721 at 11) (quoting (Doc. # 709-2 at 3)). The Magistrate Judge also observed that despite Carman's relatively easy access to her own bank records and tax returns, she was unable to point to even one transaction showing payment from the ATF. (Doc. # 721 at 11).

Finally, the Magistrate Judge ruled that Carman had failed to procure evidence from sources that were "more convenient, less burdensome, or less expensive" in accordance with Federal Rule of Civil Procedure 26(b)(2)(C)(i). For example, the Magistrate Judge found no evidence that Carman made any attempt to retrieve emails she claimed contained communications between ATF agents and Maddux. (Doc. # 721 at 11-12). In addition, Carman chose to depose neither her accountant, Howard Slibeck, whom she claims knew about payments coming from the ATF, nor Hobart "Hobie" Anderson, an ATF confidential informant whom Carman claims acted as a broker between Maddux and Agent Lesnak. *Id.* at 12. The Magistrate Judge pointed out that it

---

[2] Discovery in ancillary forfeiture proceedings is governed by the Federal Rules of Civil Procedure. *See* Fed. R. Crim. P. 32.2(c)(1)(B).

would be more convenient and less expensive to depose Slibeck and Anderson, who both reside in Kentucky, as compared to Lesnak, who lives out of state.³ *Id.*

### 2. *Carman's Objections*

Carman raises three objections to the Magistrate Judge's Order denying her Motion to Compel. The Court addresses each in turn.

#### i. Relevance

First, Carman challenges the Magistrate Judge's finding that Agent Lesnak's testimony is not relevant under Federal Rule of Civil Procedure 26(b)(1). In support of her objection, Carman reiterates the argument made in her Motion to Compel, namely that evidence of Carman receiving funds from the ATF is relevant because "receipt of payments from the government proves another source of funds, and the purchase of items with those legitimate funds are not subject to seizure . . . ." (Doc. # 724 at 5).

As the Magistrate Judge correctly observed, however, Carman provides no authority to support her contention that assets purchased with government funds are "presumably legal" and therefore not subject to forfeiture. *Id.* at 6. Indeed, as explained below, Carman's claim is not only unsupported,⁴ but also precluded by the forfeiture statute.

---

³ Magistrate Judge Atkins also indicated agreement with the Government's argument that Lesnak's deposition is precluded by so-called *Touhy* regulations, which govern when government employees may be deposed. *See* (Doc. # 721 at 7). Nevertheless, the Magistrate Judge did not provide any further discussion, and therefore the Court assumes for purposes of this Opinion that Magistrate Judge Atkins did not reach the issue. Regardless, the Court finds that the other reasons provided in the Magistrate Judge's Order are more than sufficient to support a denial of Carman's Motion to Compel.

⁴ It hardly comes as a surprise that Carman is unable to find even one case supporting this proposition. As a matter of logic, forfeiture of a person's assets under 18 U.S.C. §§ 981 and 982 is only authorized upon a finding that there has been a violation of federal law. *See, e.g.*, 18 U.S.C. § 981 (providing for forfeiture of property "which constitutes or is derived from proceeds traceable to a violation of" various federal criminal statutes). Therefore, for the property at issue to be exempt from forfeiture, Carman would have to show not only that funds used to purchase the property came from the ATF, but that Maddux or his entities received immunity from criminal prosecution. The Sixth Circuit has held that to be

To explain why Carman's discovery request is irrelevant, it is necessary to provide a brief background on the statutory framework and procedure governing third-party claims to forfeited property. The Government sought forfeiture of Maddux's property under 18 U.S.C. § 981 ("civil forfeiture") and 18 U.S.C. § 982 ("criminal forfeiture"), both of which are applicable to this proceeding. *See United States v. Hampton*, 732 F.3d 687, 690 (6th Cir. 2013) (citing 28 U.S.C. § 2461(c)). First, 18 U.S.C. § 981(a)(1)(C) permits forfeiture of property "which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity'" as defined in 18 U.S.C. § 1956(c)(7). Mail and wire fraud are "specified unlawful activities." *See* 18 U.S.C. § 1956(c)(7)(A). Therefore, any proceeds of Maddux's mail and wire fraud are forfeitable. *See United States v. Coffman*, 612 F. App'x 278, 282 (6th Cir. 2015). Second, 18 U.S.C. § 982(a)(1) allows for forfeiture of any property "involved in" or "traceable to" certain underlying criminal offenses, including mail fraud, wire fraud, and money laundering, all of which Maddux pleaded guilty to. (Docs. # 1 at 7-10 and 432).

Upon the government's motion for order of forfeiture, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). The nexus must be established by a preponderance of the evidence. *United States v. Jones*, 502 F.3d 388, 391 (6th Cir.

---

immune from prosecution by the federal government, an individual must have an agreement with a government agent who has authority to bind the United States. *United States v. Streebing*, 987 F.2d 368, 372 (6th Cir. 1993). While Carman does claim in her deposition that Maddux had an immunity agreement, *see* (Doc. # 710-1 at 47-48, 182, 186), she more than once states that this agreement was with Hobart Anderson, an ATF informant who would not have had authority to bind the government. *See United States v. Yildiz*, 355 F.3d 80, 81-82 (2d Cir. 2004) (per curiam); *Silva v. United States*, 51 F. App'x 12, 14 (Fed. Cir. 2002) (per curiam); *Escandar v. United States*, 295 F.2d 58, 59 (5th Cir. 1961). More importantly, Carman's assertion that she had an immunity agreement is noticeably absent from any of her briefs. In fact, Carman in her Reply Brief expressly disavows any sort of informant agreement with the ATF. *See* (Doc. # 713 at 2,6). Thus, the Court is left guessing as to exactly what type of relationship Carman alleges existed between Maddux and the ATF.

2007). Once the requisite nexus is found, the district court issues a preliminary order of forfeiture and the government may seize the property in question. Fed. R. Crim. P. 32.2(b)(2)(A) and (b)(3).

Pursuant to 21 U.S.C. § 853(n),[5] a third-party may petition the district court to amend the preliminary order of forfeiture "to exclude property from that order in which the party has a legal interest." *United States v. Akhtar*, No. 17-2339, 2018 WL 5883930, at *1 (6th Cir. Sept. 19, 2018). In this so-called "ancillary proceeding," the third-party must show by preponderance of the evidence "either [1] a superior interest in the property or [2] that he was a bona fide purchaser of the property." *Coffman*, 612 F. App'x at 282 (citing 21 U.S.C. § 853(n)(6)).

In his plea agreement, Defendant Maddux did not contest the issue of nexus between the forfeited property and his criminal offenses. (Doc. # 535 at 1). Accordingly, the Court issued an Agreed Preliminary Order of Forfeiture, in which it found that "the United States has established the requisite nexus between the property listed above and the offenses to forfeit Defendant Maddux's interests in the property." *Id.* at 17. Carman then filed a third-party claim to some of the property listed in the Agreed Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853(n)(2). (Doc. # 580).

As discussed, Carman asserts that testimony from Agent Lesnak "is critical in resolving her claim to the seized property because if the property was obtained with money received from the Government, it is not properly subject to forfeiture." (Doc. # 724 at 6); *see also id.* at 5; (Docs. # 709 at 8 and 713 at 3). Yet, even assuming what Carman

---

[5] The procedures set out in the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 853) apply to criminal forfeiture proceedings. *See* 18 U.S.C. § 982(b)(1); 28 U.S.C. § 2461(c); *Hampton*, 732 F.3d at 690.

13

says is correct, Sixth Circuit precedent is clear that "§ 853(n) does not permit 'relitigation' of the district court's antecedent determination that an item of property is subject to forfeiture." *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014); *accord Akhtar*, 2018 WL 5883930, at *1; *Coffman*, 612 F. App'x at 283. Instead, "§ 853(n) allows a third party to obtain relief on only two grounds: first, that its interest in forfeitable property 'was superior' to the defendant's interest in the property 'at the time of the commission of the acts which gave rise to the forfeiture'; or second, that the third party was a 'bona fide purchaser for value[.]'" *Fabian*, 764 F.3d at 638 (quoting 18 U.S.C. § 853(n)(6)).

Accordingly, as a third-party, Carman "lack[s] statutory standing to challenge a district court's determination . . . that certain property is subject to forfeiture." *Id.* The rule in *Fabian* applies even in a case like this one, where the criminal defendant chose not to challenge the forfeiture finding in order to obtain a more favorable plea bargain. *United States v. Galemmo*, 661 F. App'x 294, 303 & n.3 (6th Cir. 2016) (Moore, J., concurring); *see* (Doc. # 535). It therefore follows that testimony relating to the question of forfeitability of the property listed in the Preliminary Order of Forfeiture (Doc. # 535) is not relevant to this ancillary proceeding, as it "would not resolve any factual disputes that could entitle the [Claimant] to relief." *Entm't Prods., Inc. v. Shelby Cty.*, 721 F.3d 729, 744 (6th Cir. 2013).

### ii.   Proportionality

Carman's second objection focuses on the Magistrate Judge's finding that Carman's requested discovery was not "proportional to the needs of the case" as required under Federal Rule of Civil Procedure 26(b)(1). (Doc. # 724 at 6). Rule 26's proportionality test considers a number of factors, including "the importance of the issues

14

at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Carman contends that she satisfies each of the above factors. First, she argues, the "right to protect her legitimate property from seizure by the government is significant;" second, the amount in controversy exceeds one million dollars; third, "the requested information is solely within possession of the government and former ATF Special Agent Lesnak;" fourth, the requested discovery is "critical" to her claim "because if the property was obtained with money received from the government, it is not properly subject to forfeiture." (Doc. # 724 at 6). Finally, Carman argues that the cost of production does not outweigh the benefit of discovery in this case. *Id.* Carman states that the Magistrate Judge was wrong to take into account Mr. Lesnak's location in finding discovery too costly, as the Government "failed to explain where Mr. Lesnak is currently located or offer any reason the parties cannot travel to depose him," as has been done with other witnesses in the case. *Id.*

The Court finds the Magistrate Judge's ruling on the proportionality issue to be sound. First, while there is no doubt that, in the abstract, the right to protect legitimate property from seizure is important, Carman fails to make the case that testimony from Agent Lesnak is important for the "issues at stake in the action," i.e., Carman's ownership interest in the forfeited property.[6] Fed. R. Civ. P. 26(b)(1); *see Coffman*, 612 F. App'x at

---

[6] While Carman makes several conclusory statements to this effect, *see* (Docs. # 713 at 2, 4, 6 and 724 at 7-8), she makes no further attempt to justify this position.

283 (noting that in a proceeding under 21 U.S.C. § 853(n), claimants may raise only third-party-ownership interests in the property); *see also* II.B.2.i, *supra*.

Second, while the value of the property at stake is significant, the Government has the better argument when it comes to "the parties' relative access to relevant information." Fed. R. Civ. P. 26(b)(1). Carman does not provide a convincing explanation for her choice not to depose alleged confidential informant Hobart Anderson or her accountant Howard Slibeck. Carman does not deny in her Objection that Anderson and Slibeck have knowledge of alleged payments from the ATF to Carman and Maddux. *See* (Doc. # 724 at 7). In fact, Carman affirmatively stated in her deposition that Anderson and Slibeck knew of the alleged payments and even claimed that Anderson transported the alleged ATF cash payments from Bristol, Virginia to Carman and Maddux in Kentucky. *See* (Doc. # 710-1 at 96-97, 129, 156, 180-82, 184). It would seem that testimony to this effect from Anderson and Slibeck would go a long way toward substantiating Carman's otherwise uncorroborated story. Nevertheless, she insists that their testimony "would not tend to prove or disprove the payment of funds from the government to Ms. Carman, Mr. Maddux or the related entities." (Doc. # 724 at 7) (emphasis added). Yet, Rule 26(b)(1) asks whether the parties have access to *relevant*, rather than *dispositive*, information. *See* Fed. R. Civ. P. 26(b)(1). Therefore, Carman loses on this factor.

Lastly, the timing of Carman's Motion to Compel makes the Court skeptical of her assertion that discovery in this case is "critical in resolving her claim to the seized property . . . ." (Doc. # 724 at 6). If in fact Lesnak's testimony is "critical," it is odd that Carman requested Lesnak's deposition on June 5, 2017, six months *after* filing her Motion for Summary Judgment on November 28, 2016. Stranger still, Carman's summary judgment

motion does not even mention the possibility of immunity or the existence of the Big South operation or payments from the ATF. Perhaps not coincidentally, it was not until after the Big South story became widely publicized in the press in February 2017 that Carman filed the instant Motion to Compel, in which she claims that she met Lesnak back in 2008 and was privy to telephone calls and emails with him. See (Doc. # 709). These facts, combined with the absence of any corroborating evidence, leave the Court with little doubt that Carman's undercover-operation theory is speculative at best, and that deposing Agent Lesnak would be nothing more than a fishing expedition. See Porter v. Detroit, 639 F. Supp. 589, 593 (E.D. Mich. 1986) ("The court is not sympathetic to speculative last-minute requests for discovery regarding issues that the plaintiff and her counsel should have known were vital to her case."). Thus, the Magistrate Judge was correct to find that Carman's discovery requests relating to Big South "do not pass the Rule 26(b) proportionality test . . . ." (Doc. # 721 at 11).

### iii. Federal Rule of Civil Procedure 26(b)(2)(C)

Carman also objects to the Magistrate Judge's conclusion that her request to depose Agent Lesnak is barred by Federal Rule of Civil Procedure 26(b)(2)(C)(i), which allows a court to limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive." For many of the reasons laid out above, Carman's objection on this point is overruled. The Court has already established that testimony from Agent Lesnak is not relevant to her third-party claim to the forfeited property. See I.B.2.i, supra. This by itself is sufficient to limit discovery under Rule 26(b)(2)(C)(iii).

Furthermore, as discussed, Carman has not demonstrated that deposing Agent Lesnak is critical to establishing her third-party claim to the forfeited property. *See* II.B.2.ii, *supra*. Therefore, it is not clearly erroneous to find that deposing Anderson and Slibeck, who Carman admits have relevant information and who live in Kentucky, would be more convenient, less burdensome, and less expensive than deposing Lesnak. Accordingly, Carman's Objection to the Magistrate Judge's order denying her Motion to Compel the Government to Produce Former Special Agent Thomas Lesnak for Deposition is **overruled**.

III. **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1) Carman's Objection to the Magistrate Judge's Order denying her Motion to Compel (Doc. # 724) is **OVERRULED**;

(2) The Magistrate Judge's Order Denying Carman's Motion to Compel (Doc. # 721) is **AFFIRMED**;

(3) Claimants Judith Thieben's and Christina Carman's Motions for Summary Judgment on Forfeiture Claims (Docs. # 613 and 630) are **DENIED WITHOUT PREJUDICE**; and

(4) Pursuant to this Court's Order (Doc. # 727), the parties shall file renewed motions for summary judgment **within thirty (30) days** of this Memorandum Opinion and Order.

This 29th day of January, 2019.



Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\Ashland Criminal\2014\Maddux orders\14-20 MOO Adopting Mag Order.docx